

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2002

# Stolz v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Stolz v. Comm Social Security" (2002). *2002 Decisions.* Paper 352.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/352

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3595
_____


LORRAINE M. STOLZ
Appellant
v.

LARRY G. MASSANARI, ACTING COMMISSIONER
OF SOCIAL SECURITY
_____


Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 00-cv-04053
District Judge: Honorable Herbert J. Hutton
_____


Submitted Under Third Circuit LAR 34.1(a) May 7, 2002

Before: NYGAARD, ALITO, and ROSENN, Circuit Judges

(Filed: June 12, 2002 )
_____


OPINION OF THE COURT
_____


ROSENN, Circuit Judge.

Lorraine M. Stolz (Stolz or claimant) appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting the motion of the Commissioner of Social Security for summary judgment and denying Stolz disability benefits. Stolz timely appealed. We affirm.


I.

The facts of this case are known to the parties and our references to them are brief. Stolz alleges that she suffers from debilitating multiple chemical sensitivity and chronic fatigue. Stolz, a high school graduate, was 44 years of age at the time of the administrative hearing in 1997. She resided with her husband, William, for twenty years and they had two minor children.

Stolz worked as a cashier from 1978 to 1982. She then took a leave of absence to have children, and returned to work in the family business, a paint operation in Temple, Pennsylvania. Stolz stopped working in the family business on May 24, 1996, because of medical problems such as headaches, dizziness, nausea, forgetfulness, and problems with concentration. She attributed her illness to exposure to chemical fumes emitted in the paint store where she worked. Her position, however, did not involve preparation or mixture of paints, but was principally clerical. She took care of the bookkeeping, accounts receivable, computer typing, and other general office work.

On January 13, 1997, Stolz filed her initial application for disability insurance benefits (DIB) alleging that on May 24, 1996, she became totally disabled due to environmental illness, chronic fatigue syndrome, and fibromyalgia. The Commissioner denied the application both initially and upon reconsideration. Stolz requested a hearing before an Administrative Law Judge (ALJ). She and her husband appeared at the hearing and testified. The ALJ found that the plaintiff was not totally disabled and was not entitled to receive DIB benefits. Plaintiff appealed to the Appeals Council to review

the ALJ's decision. The Appeals Council denied claimant's request for review and upheld the ALJ's decision as the final decision of the Commissioner.

Claimant appealed and both parties sought summary judgment. On appeal, the Magistrate Judge (MJ) recommended reversal of the ALJ's decision and a remand to the Commissioner to grant the benefits. The District Court rejected the recommendation of the MJ and granted the Commissioner's motion for summary judgment.

## II.

On appeal, the claimant contends that the ALJ and the District Court (1) improperly rejected her diagnosis of disabling chronic fatigue, environmental/chemical sensitivity and organic brain dysfunction by implicitly requiring objective medical evidence of these conditions and their limitations; (2) ignored the Social Security Administration's regulations and case law directing that non-medical evidence from the claimant's husband and her treating chiropractor be at least reviewed and analyzed; and (3) misconstrued the disability reports from Dr. Grace Ziem to suggest that claimant was capable of substantial gainful activity.

We review a decision to deny disability benefits on a "substantial" evidence basis. 42 U.S.C. 405(g). "Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)(internal quotations omitted). The ALJ's decision is the final decision of the Commissioner when the Appeals Council denies a request for review. Sims v. Apfel, 530 U.S. 103, 107 (2000).

Our scope of review of the Commissioner's final decision is limited by the Social Security Act (Act), 42 U.S.C. 405(g),(h). If the ALJ's decision is supported by substantial evidence, we must affirm. Richardson v. Perales, 402 U.S. 389, 390 (1971). We are confined, of course, to evidence presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence.

Dr. Eugene Shippen, a family physician, treated claimant over a period of years. He also referred her to numerous specialists to evaluate her various symptoms. He prepared for the Bureau of Disabled Terminations a comprehensive report concerning her medical symptoms. In addition, the claimant saw Dr. Mitchell Price, a chiropractor, weekly from early 1994 through 1996. Dr. Shippen concluded that the claimant had chronic fatigue syndrome, fibromyalgia, multiple chemical sensitivities, and that the combination of these and other related problems left the claimant totally disabled for any form of gainful employment.

The ALJ carefully reviewed the record, including the medical reports, and made pertinent findings of fact relating to the claimant's disability. He found that the medical evidence established that claimant has chemical sensitivity and organic mental disorder (mental loss) impairment which are severe but which do not meet any of the impairments listed in Code of Federal Regulations. 20 C.F.R., Pt. 404, Subpt. P., App. 1, Listing 12.02. (Finding no. 3). He also found claimant's statements concerning her impairments and the impact on her ability to work were not entirely credible in light of the reports of Dr. Reid and Dr. Minehart, the extent of her daily activities, her ability to use oxygen while working, and the minimal medication that she took for pain.

The ALJ explained that because of claimant's chemical sensitivity he found that she was limited to working in environments where she would not be exposed to dust, fumes, and other irritants. The ALJ did not dispute Dr. Shippen's opinion that the claimant had fatigue and chemical sensitivity. The ALJ concluded however, that, consistent with the Social Security regulations, Dr. Shippen's opinion was not supported by other substantial evidence in the record, and the ALJ comprehensively discussed his reasons for such a conclusion.

Moreover, some of the objective evidence relied on by Dr. Shippen, a family practitioner, was not significant, according to specialists Dr. Reed and Dr. Minehart. Dr. Shippen's opinion primarily consisted of conclusory statements based on claimant's complaints, but not on his own medical findings. He failed to submit any clinical or treatment notes to support his opinion.

In its review of the evidence, the District Court arrived at the same result, quoting the following excerpt from the ALJ's decision:

As Dr. Shippen's opinion is not supported by the objective tests as interpreted by the specialists or any other objective evidence and also

rest[s] upon an assumption that he is not qualified to make [e,g.,] that the [claimant] lacks the cognitive capacity for sedentary work), the undersigned assigns little weight to Dr. Shippen's conclusion that the [claimant] is disabled (20 CFR 404.1527 and Social Security Rulings 96-2p and 96-5p).

Stolz v. Massanari, No. CIV.A.00-4053, 2001 WL 818553 at *2 (E.D. Pa. July 18, 2001).

Other evidence also contradicted Dr. Shippen's opinion that the claimant was totally disabled. Both Doctors Busko and Perilstein reported that her joints were normal; Dr. Perilstein also reported that her musculoskeletal examination showed no synovitis, and that she had a full range of motion in all her joints. Dr. Busko also reported that she was neurologically intact and a CT scan of her brain and an echocardiogram of her heart were normal. Accordingly, for these and other valid reasons, the District Court found that the ALJ properly considered Dr. Shippen's testimony and supplied his reasons for rejecting the doctor's opinion. The court, therefore, concluded that the ALJ's decision to reject Dr. Shippen's opinion as to disability was based on substantial evidence. We agree.

The claimant further contends that the ALJ drew improper speculative inferences from the record of her chiropractic treatment and failed to attribute proper weight to Dr. Grace Ziem's report. Although the MJ agreed with her, the District Court found to the contrary. We agree with the District Court. The District Court found that the ALJ's decision discussed and analyzed Dr. Ziem's report and that the ALJ determined that Dr. Ziem's failure to state the extent of the claimant's disability "leads to the inference that plaintiff had at least some capacity for work." The District Court concluded that the evidence of record supports the ALJ's analysis of Dr. Ziem's report. Thus, we see no error on the part of the District Court in accepting the ALJ's construction and analysis of Dr. Ziem's report.

With respect to the testimony of claimant's husband, the ALJ did not disregard it. He addressed it and reasonably concluded that it was not probative. The ALJ reasoned that the same factors demonstrating that the claimant's testimony was not entirely credible equally applied to her husband's testimony.

### III.

We see no error in the District Court's careful analysis of the ALJ's decision and conclude that it is supported by substantial evidence. The District Court also committed no error in rejecting the MJ's Report and Recommendation. Accordingly, the judgment of the District Court is affirmed. Each party to bear his or her own costs.

TO THE CLERK:

Please file the foregoing opinion.


                              /s/ Max Rosenn
                              Circuit Judg